1

2

3

NOTE: CHANGES MADE BY THE COURT

4

5

6

7

8

9

10

11

12

13

14

15

**UNITED STATES DISTRICT COURT**

16

**CENTRAL DISTRICT OF CALIFORNIA**

17

18

LARRY TRAN, on behalf of himself    )    Case No.: 2:15-cv-03289-AB-MRW

19 and all others similarly situated,      )

)    **[~~REVISED PROPOSED~~] ORDER**

20          Plaintiff,                            )    **GRANTING MOTION FOR**

)    **PRELIMINARY APPROVAL OF**

21 v.                                          )    **CLASS ACTION SETTLEMENT AND**

)    **SCHEDULING FAIRNESS (FINAL**

22 CATALINA CHANNEL EXPRESS,    )    **APPROVAL) HEARING**

INC. (d/b/a Catalina Express); and    )

23 DOES 1 through 10, inclusive,        )

)    Courtroom:  4 (2nd Floor)

24          Defendants.                       )    Judge: Hon. André Birotte Jr.

)

25 _____ )

26

27          The Court has received the Class Action Settlement Agreement and Release

28 (hereinafter sometimes referred to as the "Settlement Agreement"), entered into

between Plaintiff Larry Tran ("Plaintiff"), on behalf of himself and all others similarly situated, and Defendant Catalina Channel Express, Inc. ("Catalina Express" or "Defendant").  A copy of the Settlement Agreement is attached hereto as Exhibit 1.

The Court has also received the Parties' Supplement And Amendment To Settlement Agreement And Release ("Amendment").  A copy of the Amendment is attached hereto as Exhibit 2.

After reviewing the Settlement Agreement, Amendment and other documents filed in support of the Motion For Preliminary Approval Of Class Action Settlement, and having considered the arguments by the respective parties, THE COURT HEREBY ORDERS THE FOLLOWING:[1]

1.     The Court hereby grants preliminary approval of the proposed Settlement upon the terms and conditions set forth in the Settlement Agreement, as modified by the Amendment.  The Court preliminarily finds that the terms of the proposed Settlement (as modified by the Amendment) are fair, adequate and reasonable and comply with Rule 23(e) of the Federal Rules of Civil Procedure ("FRCP").

2.     The Court orders that the following Class is preliminarily certified for settlement purposes only:

> All residents of the United States (including Puerto Rico) who, at any time during the period of March 6, 2013 and March 9, 2015, made a credit or debit card purchase at any physical Catalina Express ticket counter location (Avalon, Dana Point, Long Beach, San Pedro, or Two Harbors) and were provided a printed credit or debit card receipt that included a credit or debit card expiration date.  Excluded from the Class are (1) Catalina Express, its related entities, parent companies,

---

[1] Capitalized terms in this Order shall have the same meanings as in the Settlement Agreement, unless indicated otherwise.

ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 2:15-cv-03289-AB-MRW

1    subsidiaries and affiliates, and their respective officers, directors, and

2    employees; (2) individuals who only purchased or reserved tickets on

3    Catalina Express's website (http://catalinaexpress.com/); (3) individuals

4    and/or entities who validly and timely opt-out of the Settlement; (4)

5    consumers who previously have released their claims against Catalina

6    Express with respect to the issues raised in this Litigation; and (5) any

7    judge to whom this matter is assigned, and his or her immediate family

8    (spouse, domestic partner, or children).

9    3.    The Court finds that, for purposes of the Settlement, the above-defined

10 Class meets all of the requirements for class certification.  The Court further finds

11 that, for purposes of the Settlement, the requirements of FRCP Rule 23(a) and

12 23(b)(3) are satisfied and that (a) the Settlement Class is ascertainable, (b) the

13 members of the Class are so numerous that joinder is impracticable, (c) there are

14 questions of law and fact common to the Settlement Class members which

15 predominate over any individual questions, (d) the representative Plaintiff's claims

16 are typical of the claims of the Class Members, (e) the Class Representative and

17 Class Counsel have fairly, adequately, reasonably and competently represented and

18 protected the interests of the Class throughout the litigation, and (f) a class action is

19 superior to other available methods for the fair and efficient adjudication of the

20 controversy.

21    4.    The Court appoints Plaintiff Larry Tran as the Class Representative for

22 the Class.

23    5.    The Court appoints attorney Chant Yedalian of Chant & Company A

24 Professional Law Corporation as Class Counsel for the Class.

25    6.    The Court appoints Dahl Administration as the Claims Administrator to

26 administer the Settlement.

27    7.    The Court preliminarily finds that the Settlement is the product of

28 serious, informed, non-collusive negotiations conducted at arm's-length by the

Parties. In making these preliminary findings, the Court considered, among other factors, the potential statutory damages claimed in the lawsuit on behalf of Plaintiff and members of the Class, Defendant's potential liability, the risks of continued litigation including trial outcome, delay and potential appeals, the substantial benefits available to the Class as a result of the Settlement, and the fact that the proposed Settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. The Court further preliminarily finds that the terms of the Settlement (as modified by the Amendment) have no obvious deficiencies and do not improperly grant preferential treatment to any individual member of the Class.

8.     The Court approves the proposed manner of the notice of Settlement set forth in the Settlement Agreement (as modified by the Amendment). The Court also approves the size and contents of the Short-Form Notice, Full Notice, and Claim Form attached as Exhibits A, B, and C, respectively, to the Settlement Agreement. The Court also approves the Catalina Express Website Notice described in the Amendment.

9.     The Court finds that the proposed manner of the notice of Settlement set forth in the Settlement Agreement and Amendment, and the Short-Form Notice, Full Notice, Claim Form, and Catalina Express Website Notice, which the Court approves of, as set forth in paragraph 8, above, constitutes the best notice practicable under the circumstances and is in full compliance with the United States Constitution and the requirements of due process. The Court further finds that the notice fully and accurately informs Class Members of all material elements of the lawsuit and proposed class action Settlement, of each member's right to be excluded from the Settlement, and each member's right and opportunity to object to the proposed class action Settlement and be heard at the (fairness) Final Approval Hearing.

ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 2:15-cv-03289-AB-MRW

10.     Any Class Member may make a Request for Exclusion by mailing or delivering such request in writing to the Claims Administrator at the addresses set forth in the Long-Form Notice.  Any Request for Exclusion must be postmarked or delivered no later than sixty (60) calendar days after the date Short-Form Notice is first posted by Catalina Express. The Request for Exclusion shall (i) state the Class Member's full name and current address, and (ii) specifically state his or her desire to be excluded from the Settlement and from the Class.  Failure to comply with these requirements and to timely submit the Request for Exclusion will result in the Class Member being bound by the terms of the Settlement.  Class Members who timely opt out of the Settlement: (1) will be excluded from the Class; (2) will not be entitled to the Settlement benefits; (3) will not be bound by the terms of the Settlement, the judgment dismissing the lawsuit, or the release of Litigation Claims provided by the Settlement; and (4) will not be entitled to object to the proposed Settlement or be heard at the Final Approval Hearing.

11.     Any Class Member, on his or her own, or through an attorney hired at his or her own expense, may object to the terms of the Settlement.  Any such objection must be filed with the Court and also served on Class Counsel and Defendant's Counsel.  To be effective, any such objection must be in writing and include the contents described in paragraph 13 below, and must be filed and served no later than sixty (60) calendar days after the date Short-Form Notice is first posted by Catalina Express.  Any objections not raised properly and timely will be waived.

12.     Any Class Member, on his or her own, or through an attorney hired at his or her own expense, may object to Class Counsel's motion for Class Counsel's Fees and Expenses and/or the Class Representative's Service Award.  Such motion will be posted on the Settlement Website no later than thirty (30) calendar days before the Final Approval Hearing scheduled by the Court.  Any objection must be filed with the Court and also served on Class Counsel and Defendant's Counsel.  To be effective, any such objection must be in writing and include the contents

described paragraph 13 below, and must be filed and served no later than twenty-one (21) calendar days before the Final Approval Hearing.  Any objections not raised properly and timely will be waived.

13.     To be effective, any objection described in paragraph 11 or paragraph 12 above must contain all of the following information:

(1)     A reference at the beginning to this Action, *Tran v. Catalina Channel Express, Inc.*, Case No. 2:15-CV-03289-AB-MRW;

(2)     The objector's full name, address, and telephone number;

(3)     A written statement of all grounds for the objection, accompanied by any legal support for such objection;

(4)     Copies of any papers, briefs, or other documents upon which the objection is based;

(5)     A list of all persons who will be called to testify in support of the objection; and

(6)     A statement of whether the objector intends to appear at the Final Approval Hearing.  If the objector intends to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the Final Approval Hearing.

14.     Any Class Member who requests to be heard orally at the Final Approval Hearing must file with the Court and serve on Class Counsel and Defendant's Counsel a written notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear").  The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member (or his/her counsel) will present to the Court in connection with the Final Approval Hearing.  Any Class Member who does not provide a Notice of Intention to Appear in complete accordance with specifications set forth in the Long-Form Notice, may be barred from speaking or otherwise presenting any views at the Final

Approval Hearing.  To be timely, a Notice of Intention to Appear concerning Class Counsel's motion for Class Counsel's Fees and Expenses and/or the Class Representative's Service Award must be postmarked no later than twenty-one (21) days before the Final Approval Hearing.  To be timely, a Notice of Intention to Appear concerning any other matter about the Settlement must be postmarked no later than sixty (60) calendar days after the date Short-Form Notice is first posted by Catalina Express.

15.    The Court approves Public Counsel as the *cy pres* recipient of any unclaimed amounts in the Settlement Fund.

16.    Class Counsel's motion for Class Counsel's Fees and Expenses and the Class Representative's Service Award shall be filed no later than thirty (30) calendar days before the Final Approval Hearing scheduled by the Court.

17.    The Court will hold a (fairness) Final Approval Hearing on August 1, 2016, at 10:00 a..m., to consider the fairness, reasonableness and adequacy of the proposed Settlement as well as Class Counsel's Fees and Expenses and the Class Representative's Service Award.  The Court reserves the right to adjourn or continue the (fairness) Final Approval Hearing without further notice to the Class Members.

18.    As part of the Settlement Agreement, the Parties agreed that Plaintiff would submit a proposed First Amended Complaint that defines the Class and Litigation Claims consistent with the terms of the Settlement Agreement.  Plaintiff has submitted such proposed First Amended Complaint as Exhibit 3 (Dkt. # 21-3) to the Declaration of Chant Yedalian.  As part of the Settlement Agreement, the Court hereby permits Plaintiff to file the proposed First Amended Complaint with the Court.  After the First Amended Complaint is filed, Catalina Express need not file a response to the First Amended Complaint unless the Settlement does not receive final approval.  In not responding to the First Amended Complaint, Catalina Express will not be deemed to have waived any defense, admitted any fact, or have otherwise defaulted in any manner.

19.   The Court adopts the below schedule of dates concerning the settlement.

| Event | Day | Agreement/ Amendment Provisions | Date |
|-------|-----|-------------------------------|------|
| Entry of Court's Preliminary Approval Order | about -14 | | about April 4, 2016 |
| Notices (including on-location Short-Form Notice at Catalina Express ticket counter locations, Catalina Express Website Notice, and Full Notice) are posted and Settlement Website goes "live" | 0 | IV.A.; V.B.(1); Amendment | April 18, 2016 |
| Opt-out Deadline (Any Request for Exclusion must be postmarked or delivered no later than 60 calendar days after the date Short-Form Notice is first posted by Catalina Express) | 60 | VI.A. | June 17, 2016 |
| Deadline for Objections to Settlement (other than objections to motion for Class Counsel's Fees and Expenses and/or the Class Representative's Service Award) (60 calendar days after the date Short-Form Notice is first posted by Catalina Express) | 60 | VII.A. | June 17, 2016 |
| Deadline for Notice of Intention to Appear concerning any matter about the Settlement (other than motion for Class Counsel's Fees and Expenses and/or the Class Representative's Service Award) (must be postmarked no later than 60 calendar days after the date Short-Form Notice is first posted by Catalina Express) | 60 | VII.D. | June 17, 2016 |
| Motion for Class Counsel's Fees and Expenses and/or the Class Representative's Service Award filed by this date and posted on the Settlement Website (30 calendar days before the Final Approval Hearing) | 75 | VII.B. | July 2, 2016 |
| Motion for Final Approval filed by this date (30 calendar days before the Final Approval Hearing) | 75 | | July 2, 2016 |
| Deadline for Objections to motion for Class Counsel's Fees and Expenses and/or the Class Representative's Service Award (21 calendar days before the Final Approval Hearing.) | 84 | VII.B. | July 11, 2016 |

- 8 -

| Deadline for Notice of Intention to Appear concerning Class Counsel's motion for Class Counsel's Fees and Expenses and/or the Class Representative's Service Award (must be postmarked no later than 21 days before the Final Approval Hearing) | 84 | VII.D. | July 11, 2016 |
|---|---|---|---|
| On-location Short-Form Notice at Catalina Express ticket counter locations remain until this date | 90 | IV.A. | July 17, 2016 |
| Final Approval (fairness) Hearing | 105 | | August 1, 2016 |
| Catalina Express Website Notice remains until this date | 180 | Amendment 2. | October 15, 2016 |
| Claims Deadline (180 calendar days after the date Short-Form Notice is first posted by Catalina Express | 180 | I.(6) | October 15, 2016 |

IT IS SO ORDERED.

Dated: __April 4, 2016_____

By: _____
Hon. André Birotte Jr.
United States District Judge

EXHIBIT 1

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

Plaintiff Larry Tran ("Plaintiff"), on behalf of himself and all others similarly situated and through his counsel, and Defendant Catalina Channel Express, Inc. ("Catalina Express" or "Defendant"), by and through its counsel, hereby enter into this Settlement Agreement and Release ("Settlement Agreement"), subject to the approval of the Court. The Parties in consideration of the mutual promises, agreements, and covenants contained herein, the sufficiency and receipt of which are hereby acknowledged, agree as follows:

## RECITALS

A.     On March 6, 2015, Plaintiff filed a putative national class action in the Superior Court of the State of California, County of Los Angeles (Case No. BC574615). Catalina Express timely removed the case to the United States District Court for the Central District of California. The operative complaint is captioned *Tran v. Catalina Channel Express, Inc.* (Case No. 2:15-CV-03289-AB-MRW) (the "Action" or "Litigation") and is currently pending in the Central District of California.  Plaintiff's Litigation Claims, filed on behalf of a putative national class, are for alleged violations of the Fair and Accurate Credit Transactions Act of 2003, 15 U.S.C. § 1681c(g) ("FACTA").

B.     Plaintiff and Catalina Express recognize that the outcome of the Litigation and the Litigation Claims asserted in the Action are uncertain, and that pursuing and defending the Litigation to judgment would entail substantial cost, risk, and delay.

C.     The Parties have explored and discussed at length the factual and legal issues in the Litigation, and have agreed to a global final settlement of the Action that renders the need for further litigation unnecessary.

D.     The Parties desire to compromise and settle all issues, Litigation Claims, and/or facts asserted in the Litigation or that could have been asserted based upon the facts alleged in the Litigation by or on behalf of members of the Class.

E.     Plaintiff, by and through Class Counsel, has: (a) made a thorough investigation of the facts and circumstances surrounding the allegations asserted in the Litigation; (b) engaged in investigation and confirmatory discovery of the Litigation Claims, and (c) evaluated and considered the law applicable to the Litigation Claims, as well as the defenses that Catalina Express has asserted and likely would assert.

F.     Catalina Express does not believe the Litigation Claims are meritorious and denies that it is legally responsible or liable to Plaintiff or any member of the Class for any of the matters asserted in this Litigation. But Catalina Express has concluded that settlement is desirable to avoid the time, expense, and inherent uncertainties of defending protracted litigation and to resolve, finally and completely, all Litigation Claims.

G.     Class Counsel is experienced in this type of class litigation, recognizes the costs and risks of prosecution of this Litigation, and believes that it is in the interest of all Class Members, to resolve this Action, and any and all Litigation Claims against Catalina Express as

1

set forth in this Settlement Agreement.

H.      The Parties agree that the proposed settlement is fair, adequate, and reasonable. The Parties further agree that significant arm's-length settlement negotiations have taken place between the Parties and, as a result, this Settlement Agreement has been reached without collusion, subject to the Court approval process set forth herein.

I.      The Parties believe that this Settlement Agreement offers significant benefits to Class Members and is fair, reasonable, adequate and in the best interest of Class Members.

J.      For purposes of this settlement only, the Parties agree to the certification of a settlement Class as defined in Section I(10), below.

NOW, THEREFORE, the Parties agree to the following terms and conditions:

I.      **DEFINITIONS**

As used in this Settlement Agreement, the following terms shall have the meaning set forth below. When appropriate, terms used in the singular shall be deemed to include the plural and vice versa.

1)      **Action**. "Action" shall mean the case captioned as *Tran v. Catalina Channel Express, Inc.*, Case No. 2:15-CV-03289-AB-MRW, pending in the United States District Court for the Central District of California, including but not limited to the Complaint and/or First Amended Complaint.  The Action may also be referred to as the "Litigation."

2)      **Actual Damages**. "Actual Damages" means any damages, costs, or expenses, not to exceed five hundred dollars ($500.00), incurred by a Class Member as a direct result of the FACTA violations alleged in the operative complaint.  By way of example and not limitation, "Actual Damages" includes, but is not limited to, unauthorized charges on credit or debit cards that were not refunded.

3)      **Approved Claim Payment Date.**  The "Approved Claim Payment Date" shall mean thirty (30) days after the Effective Date of Settlement for Benefits.

4)      **Catalina Express**. "Catalina Express" shall mean Catalina Channel Express, Inc., the Defendant in this Action.

5)      **Claim**. "Claim" means a request by a Class Member for a disbursement from the Net Settlement Fund for each unique credit or debit card used to make a credit or debit card purchase at any physical Catalina Express ticket counter location during the Class Period.

6)      **Claims Deadline.**  "Claims Deadline" shall mean the one hundred eighty (180) day period in which a Class Member can make a Claim.  The one hundred eighty (180) day period shall commence on the date that the Short-Form Notice is first posted at Catalina Express' ticket counters in Avalon, Dana Point, Long Beach, San Pedro, and Two Harbors.

7)      **Claimant**.  "Claimant" shall mean any Class Member who submits a Claim

2

Form.

**8)** **Claim Form**. "Claim Form" shall mean either a physical or electronic form to be used by Class Members to make a Claim.

**9)** **Claims Administrator.** "Claims Administrator" shall mean Dahl Administration or other qualified entity to administer Claims, subject to Court approval.

**10)** **Class.** "Class" shall mean all residents of the United States (including Puerto Rico) who, at any time during the period of March 6, 2013 and March 9, 2015, made a credit or debit card purchase at any physical Catalina Express ticket counter location (Avalon, Dana Point, Long Beach, San Pedro, or Two Harbors) and were provided a printed credit or debit card receipt that included a credit or debit card expiration date. Excluded from the Class are (1) Catalina Express, its related entities, parent companies, subsidiaries and affiliates, and their respective officers, directors, and employees; (2) individuals who only purchased or reserved tickets on Catalina Express's website (http://catalinaexpress.com/); (3) individuals and/or entities who validly and timely opt-out of the Settlement; (4) consumers who previously have released their claims against Catalina Express with respect to the issues raised in this Litigation; and (5) any judge to whom this matter is assigned, and his or her immediate family (spouse, domestic partner, or children).

**11)** **Class Counsel**. "Class Counsel" shall mean attorney Chant Yedalian of Chant & Company A Professional Law Corporation.

**12)** **Class Counsel's Fees and Expenses**. "Class Counsel's Fees and Expenses" shall mean Class Counsel's reasonable attorneys' fees, not to exceed $91,666.67, and expenses, not to exceed $2,500, subject to approval by the Court and to be paid in their entirety from the Settlement Fund.

**13)** **Class Members**. "Class Members" and "Settlement Class Members" shall have the same meaning as "Class," as set forth in ¶ I(10) above.

**14)** **Class Period.** "Class Period" shall mean the time during the period of March 6, 2013 and March 9, 2015.

**15)** **Class Representative**. "Class Representative" shall mean plaintiff Larry Tran.

**16)** **Court**. "Court" shall mean the United States District Court for the Central District of California, the Honorable Andre Birotte Jr., or his duly-appointed successor.

**17)** **Defendant.** "Defendant" shall have the same meaning as Catalina Express, as defined in I(4), above.

**18)** **Defendant's Counsel**. "Defendant's Counsel" shall mean Lewis Brisbois Bisgaard & Smith LLP.

**19)** **Effective Date of Settlement for Benefits**. "Effective Date of Settlement for Benefits" shall mean the date following the entry of the Final Approval Order with respect to the

class benefits under the Settlement Agreement on which the time for any appeal expires, or the date on which all appeals from the Final Approval Order are finally decided or terminated, whichever date is later.  If the Final Approval Order on Fees is entered separately or at a later date, this shall not impact the Effective Date of Settlement for Benefits, but any obligation to pay Court-approved Class Counsels' Fees and Expenses shall arise only after the Effective Date of Settlement for Fees.

   **20)**  **Effective Date of Settlement for Fees**. "Effective Date of Settlement for Fees" shall mean the date following the entry of the Final Approval Order on Fees for which the time for any appeal expires, or the date on which all appeals from such order are finally decided or terminated, whichever date is later.

   **21)**  **Final Approval Hearing**. "Final Approval Hearing" shall mean the hearing at which the Court will consider and finally decide whether to enter the Final Approval Order and/or Final Approval Order on Fees.

   **22)**  **Final Approval Order**. "Final Approval Order" shall mean the order of the Court that approves this Settlement Agreement and makes such other final rulings as are contemplated by this Settlement Agreement, which may or may not include approving payment of Service Award and Class Counsels' Fees and Expenses.

   **23)**  **Final Approval Order on Fees**. "Final Approval Order on Fees" shall mean any order of the Court awarding Class Counsels' Fees and Expenses.

   **24)**  **Litigation**. "Litigation" shall mean the Action as defined above.

   **25)**  **Litigation Claims**.  "Litigation Claims" are claims (factual or legal) and causes of action, that Plaintiff asserts or could have asserted in the Complaint or the First Amended Complaint arising out of Catalina Express' alleged negligent or intentional conduct in violation of FACTA from March 6, 2013 and up to and including March 9, 2015.

   **26)**  **Net Settlement Fund.**   "Net Settlement Fund" means the amount remaining after the following payments are deducted from the Settlement Fund: the costs of notice and claims administration charged by the Claims Administrator; the Class Counsel's Fees and Expenses, as approved and awarded by the Court; and the Service Award.

   **27)**  **Notice.**   "Notice" means the Short-Form Notice and/or the Long-Form Notice.

   **28)**  **Objection Date**. "Objection Date" shall mean the date(s) as ordered by the Court, for members of the Class to object to the Settlement Agreement's terms, Class Counsel's Fees and Expenses and/or Service Award, and to submit any required statements, proof, or other materials and/or argument.

   **29)**  **Parties**. "Parties" shall mean the Plaintiff and Defendant.

   **30)**  **Plaintiff**. "Plaintiff" shall mean the Class Representative as defined above.

   **31)**  **Preliminary Approval Order**. "Preliminary Approval Order" shall mean the

order of the Court preliminarily approving this Settlement Agreement.

      **32)**    **Released Claims**. "Released Claims" refers to the Litigation Claims released by this Settlement Agreement, as set forth in Section VIII and its related subsections.

      **33)**    **Released Parties**. "Released Parties" shall mean Catalina Express, Catalina Express's respective subsidiaries and related entities, and the foregoing entities' past and present officers, directors, shareholders, predecessors in interest, successors in interest, employees, insurers, and attorneys.

      **34)**    **Request for Exclusion**. "Request for Exclusion" shall mean a request by any Class Member for exclusion from the Settlement.

      **35)**    **Required Documentation**. "Required Documentation" means a completed Claim Form signed under penalty of perjury and documentation that evidences a credit card or debit card transaction for the purchase of a Catalina Express ticket at any time during the Class Period. If the Class Member is seeking a disbursement for "Actual Damages," in addition to the requirements listed herein, the Class member must also submit documentation that substantiates a Claim for Actual Damages.

      **36)**    **Service Award**. "Service Award" shall mean the amount to be paid to the Class Representative to compensate him for his time and efforts on behalf of the Class, subject to approval of the Court, and which shall not exceed five thousand dollars ($5,000.00).

      **37)**    **Settlement**. "Settlement" and "Settlement Agreement" shall mean the agreement by the Parties to resolve this Litigation, the terms of which have been memorialized herein.

      **38)**    **Settlement Fund**. "Settlement Fund" means the non-reversionary "all-in" cash sum in the total amount of $275,000.00 that will be paid by Catalina Express that will be used to pay for Claims, Class Counsel's Fees and Expenses, Notice costs, the Service Award, Claims Administrator costs, and any and all other "all-in" costs associated with the Settlement. In no event shall Catalina Express be obligated to make any additional payment under the terms of this Settlement Agreement. The Settlement Fund shall constitute the exclusive recovery and relief for the Class.

      **39)**    **Short-Form Notice.** "Short-Form Notice" means the notice, to be jointly prepared by the Parties, that Catalina Express will post at Catalina Express ticket counter locations in Avalon, Dana Point, Long Beach, San Pedro, and Two Harbors for a ninety (90) day period commencing ten (10) calendar days from the day the Preliminary Approval Order issues. The Short-Form Notice will reference the name and case number for the Litigation, inform Class Members that the Litigation has settled subject to Court approval, and will provide the website address where the Long-Form Notice and other more detailed information about the Litigation and Settlement may be obtained.

      **40)**    **Long-Form Notice.** "Long-Form Notice" means the notice, to be jointly drafted by the Parties and subject to Court Approval, that will be posted exclusively on the Settlement website maintained by the Claims Administrator and that will provide detailed

information to Class Members about the Litigation and the Settlement.

## II.   <u>REQUIRED EVENTS</u>

Promptly after execution of this Settlement Agreement by all Parties:

A.   Plaintiff and Class Counsel shall take all reasonable and necessary steps to obtain entry of the Preliminary Approval Order and obtain entry of the Final Approval Order.  Among other things, the Parties agree that in connection with a motion for preliminary approval, Plaintiff will submit a proposed First Amended Complaint that defines the Class and Litigation Claims consistent with the terms of this Settlement Agreement.  The Parties further agree that the Preliminary Approval Order shall contain provisions that provide that, upon entry of the Preliminary Approval Order, the proposed First Amended Complaint may be filed and that Catalina Express need not file a response to the First Amended Complaint unless the Settlement does not receive final approval and that in not responding to the First Amended Complaint, Catalina Express will not be deemed to have waived any defense, admitted any fact, or have otherwise defaulted in any manner.

B.   In the event that the Court fails to issue the Preliminary Approval Order, or fails to issue the Final Approval Order, the Parties agree to use their best efforts, consistent with this Settlement Agreement, to cure any defect(s) identified by the Court.  If, despite their best efforts, the Parties cannot cure said defects, the Settlement Agreement is voidable with each party returning to their respective pre-settlement posture and without prejudice or waiver to any party's pre-settlement position on any legal or factual issue.

C.   The Parties acknowledge that prompt approval, consummation, and implementation of the Settlement set forth in this Settlement Agreement is essential.  The Parties shall cooperate with each other in good faith to carry out the purposes of and effectuate this Settlement Agreement, shall promptly perform their respective obligations hereunder, and shall promptly take any and all actions and execute and deliver any and all additional documents and all other materials and/or information reasonably necessary or appropriate to carry out the terms of this Settlement Agreement and the transactions contemplated hereby.

D.   Upon entry of the Final Approval Order, this Action shall be dismissed, on its merits and with prejudice, with the Court retaining continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement. The Final Approval Order will also enjoin the prosecution of any litigation or class action that asserts any Litigation Claims on behalf of any Class Member.

## III.   <u>SETTLEMENT TERMS</u>

A.   Upon the Effective Date of Settlement for Benefits, Catalina Express will pay the "all-in" Settlement Fund in the amount of $275,000.00 to the Claims Administrator. Class claims will be paid from the Net Settlement Fund.

B.   <u>Actual Damages Claimants.</u> Each Class Member that makes a Claim for Actual Damages and Required Documentation to the Claims Administrator before the Claims Deadline will receive a disbursement from the Net Settlement Fund equal to their claimed actual out-of-

pocket damages, up to a maximum of $500, subject to a *pro rata* reduction as set forth in III(D), below. If the Actual Damage amount claimed by a Class Member who makes a Claim under this subsection (after applying a possible *pro rata* reduction) is less than the amount paid to those Claimants who are not claiming actual damage as set forth in section III(C) below (after applying a possible *pro rata* reduction), it will be presumed that the Class Member with Actual Damages elects to receive the amount payable under subsection III(C) below. Each Class Member may make a single Claim under this subsection for each unique credit card or debit card used to make a purchase at a Catalina Express ticket counter location during the Class Period. By way of example and not limitation, a Class Member who has used a single credit card for multiple transactions during the Class Period and who makes a Claim under this subsection is entitled to a single payment from the Net Settlement Fund up to the maximum $500 amount. If more than one credit or debit card was used during the Class Period, a separate Claim may be submitted for each under this subsection provided that Required Documentation is provided for each as set forth in this subsection.

C.    Claimants Who Do Not Claim Actual Damages. Each Class Member that makes a Claim and Required Documentation to the Claims Administrator before the Claims Deadline but does not claim Actual Damages will receive a disbursement from the Net Settlement Fund up to a maximum of $250.00 and subject to a *pro rata* reduction as set forth in III(D), below. Each Class Member may make a single Claim under this subsection for each unique credit card or debit card used to make a purchase at a Catalina Express ticket counter location during the Class Period. By way of example and not limitation, a Class Member who has used a single credit card for multiple transactions during the Class Period is entitled to a single payment from the Net Settlement Fund up to the maximum $250 amount. If more than one credit or debit card was used during the Class Period, a separate Claim may be submitted for each.

D.    Possible *Pro Rata* Reduction. In the event the Claims received under Sections III(B) and III(C) exceed the amount of the Net Settlement Fund, they will be subject to a *pro rata* reduction equal to the amount of the Net Settlement Fund.

E.    To obtain a disbursement from the Settlement Fund, Class Members must submit a timely Claim and Required Documentation to the Claims Administrator before the Claims Deadline. A Claim submitted under penalty of perjury with all Required Documentation is presumed to be valid unless there is evidence to suggest that the Claim is not eligible for a disbursement or that the Claim is, or reasonably appears to be, fraudulent.

F.    Any unclaimed amounts in the Settlement Fund will not revert to Catalina Express and instead will be distributed to one or more *cy pres* recipients, as mutually agreed to by the Parties and approved by the Court. If, however, for any reason, any or all of the charities agreed to and proposed by the Parties are not approved by the Court, any such decision by the Court shall not affect the enforceability of the Settlement because the Parties agree that the residual funds shall be distributed in a manner approved by the Court.

G.    Implementation of FACTA Compliance Policy. Catalina Express represents and warrants that shortly after Plaintiff initiated the Litigation and in response to the Litigation, Catalina Express modified its credit and debit card printed-paper receipt format to obscure the card expiration date and adopted a policy of continued future compliance with FACTA's 15

7

U.S.C. Section 1681c(g)(1).

H.     <u>Settlement Shall Survive Any Intervening Change of Law</u>. The Parties agree and intend that the Settlement Agreement and its validity and enforceability shall not be affected by any future change, modification, reversal or clarification of the law, nor shall any future change, modification, reversal or clarification of the law provide either of the Parties with grounds to oppose preliminary or final approval of the Settlement.

## IV.     CLASS NOTICE AND RELATED PROVISIONS

A.     <u>On-Location Notice</u>.  A copy of the Short-Form Notice will be posted at each of Catalina Express' ticket counters in Avalon, Dana Point, Long Beach, San Pedro, and Two Harbors where tickets are available for purchase, in person for a ninety (90) day period commencing ten (10) calendar days from the date the Court issues a Preliminary Approval Order.  The Short-Form Notice will be displayed in direct view of customers where in-person ticket purchases can be made using a credit card or debit card.  Catalina Express employees will have copies on hand of the Short-Form Notice to provide to customers upon request.  The Claims Administrator and/or Class Counsel will make sufficient copies of the Short-Form Notice, and provide them to Catalina Express and/or Defendant's Counsel for distribution at ticket counter locations to Class Members upon request.  Catalina Express will not charge for posting the Short-Form Notice or distributing the Short-Form Notice to Class Members.

B.     <u>Settlement Website Notice</u>.  For at least a one hundred eighty (180) day period following the grant of Preliminary Approval, the Claims Administrator will provide a viewable and printable Long-Form Notice and Claim Form, via a Settlement website.

C.     The Parties agree to work together in good faith to prepare a mutually acceptable Short-Form Notice, Long-Form Notice and Claim Form, all of which are to be submitted to the Court in connection with a motion for preliminary approval of the Settlement.  To the extent that there is any disagreement in preparing a Short-Form Notice, the Long-Form Notice and/or the Claim Form, the Parties agree that the Court shall resolve any such differences.  Should the Court order that any other or additional notice be provided, the costs of such notice will also be paid from the Settlement Fund.

D.     Defendant's Counsel shall provide an affidavit for the Court, with a copy to Class Counsel, attesting that Notice was disseminated in a manner consistent with the terms of this Settlement Agreement, or those terms otherwise required by the Court.

## V.     CLAIMS ADMINISTRATOR

A.     Class Counsel will select a mutually acceptable Claims Administrator approved by the Court to administer the Claims.

B.     The Claims Administrator will be responsible for implementing and administering Claims by Class Members, including, but not limited to, the following tasks:

(1)     The Claims Administrator will create and maintain a settlement website that will go "live" ten (10) calendar days from the date the Court issues a Preliminary Approval

Order. This website shall remain live through at least the Claims Deadline. This website will: (1) allow for online submission of Claims; (2) provide instructions on how to make an online or paper Claim; (3) provide instructions on how to call or write Class Counsel for assistance; (4) contain a copy of the Long-Form Notice, Claim Form and the Settlement Agreement; and (5) contain other information Catalina Express and Class Counsel mutually agree is relevant for dissemination to Class Members regarding the Settlement.

(2)     Receive and conduct an initial validation screening of Claims to determine timeliness of submission, completeness of the Claim, and the completeness of the Required Documentation;

(3)     Collect and transmit to Class Counsel and Catalina Express the names and all other information provided by those Class Members who make a Request for Exclusion or object to the proposed Settlement.

C.     Any Claimant whose timely Claim is deemed incomplete (e.g. lacking Required Documentation) will promptly receive from the Claims Administrator by first class mail a written explanation stating the reasons, including steps the individual can take to cure the deficiencies. The Claimant receiving such notice will be allowed thirty (30) days to submit materials to cure the deficiencies.

D.     The Claims Administrator, on a monthly basis, or such other time as the Parties may request, shall provide to Class Counsel and Defendant's Counsel summary information concerning the number of Claims made, number of Claims returned for incompleteness, number of Claims validated, the total value of Claims made (before any possible *pro rata* reduction), and any other reasonable request for information by Defendant's or Class Counsel.

E.     No later than ten (10) days prior to the date Plaintiff's Motion for Final Approval is to be filed, the Claims Administrator shall provide an affidavit that includes a final report containing the summary information concerning Claims as set forth in ¶ V.D, above.

F.     All approved Claims will be paid by the Claims Administrator after the applicable Effective Date in the form of a check that must be cashed within one hundred and twenty (120) days from the date of issuance, as stated on the face of the check.

## VI.  REQUESTS FOR EXCLUSION BY CLASS MEMBERS

A.     Any Class Member may make a Request for Exclusion by mailing or delivering such request in writing to the Claims Administrator at the addresses set forth in the Long-Form Notice. Any Request for Exclusion must be postmarked or delivered no later than sixty (60) calendar days after the date Short-Form Notice is first posted by Catalina Express, or as the Court otherwise directs in the Court's Preliminary Approval Order. The Request for Exclusion shall (i) state the Class Member's full name and current address, and (ii) specifically state his or her desire to be excluded from the Settlement and from the Class. Failure to comply with these requirements and to timely submit the Request for Exclusion will result in the Class Member being bound by the terms of the Settlement.

B.     Any Class Member who submits a timely Request for Exclusion may not file an

objection to the Settlement and shall be deemed to have waived any rights or benefits under this Settlement Agreement.

C.      The Claims Administrator shall report the names of all individuals who have submitted a timely Request for Exclusion to Class Counsel and Defendant's Counsel.

## VII.   OBJECTIONS OR REQUESTS TO APPEAR BY SETTLEMENT CLASS MEMBERS

A.      Any Class Member, on his or her own, or through an attorney hired at his or her own expense, may object to the terms of the Settlement.  Any such objection must be filed with the Court and also served on Class Counsel and Defendant's Counsel.  To be effective, any such objection must be in writing and include the contents described in VII.C, and must be filed and served no later than sixty (60) calendar days after the date Short-Form Notice is first posted by Catalina Express, or as the Court otherwise directs.  Any objections not raised properly and timely will be waived.

B.      Any Class Member, on his or her own, or through an attorney hired at his or her own expense, may object to Class Counsel's motion for Class Counsel's Fees and Expenses and/or the Class Representative's Service Award.  Such motion will be posted on the Settlement Website no later than thirty (30) calendar days before the Final Approval Hearing scheduled by the Court.  Any objection must be filed with the Court and also served on Class Counsel and Defendant's Counsel.  To be effective, any such objection must be in writing and include the contents described in VII.C, and must be filed and served no later than twenty-one (21) calendar days before the Final Approval Hearing, or as the Court otherwise directs.  Any objections not raised properly and timely will be waived.

C.      To be effective, any objection described in VII.A or VII.B must contain all of the following information:

1.      A reference at the beginning to this Action, *Tran v. Catalina Channel Express, Inc.*, Case No. 2:15-CV-03289-AB-MRW;

2.      The objector's full name, address, and telephone number;

3.      A written statement of all grounds for the objection, accompanied by any legal support for such objection;

4.      Copies of any papers, briefs, or other documents upon which the objection is based;

5.      A list of all persons who will be called to testify in support of the objection; and

6.      A statement of whether the objector intends to appear at the Final Approval Hearing.  If the objector intends to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the Final Approval Hearing.

D.      The Parties will request that the Court enter an order requiring any Class Member who requests to be heard orally at the Final Approval Hearing to file with the Court and serve on

Class Counsel and Defendant's Counsel a written notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear"). The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member (or his/her counsel) will present to the Court in connection with the Final Approval Hearing. Any Class Member who does not provide a Notice of Intention to Appear in complete accordance with specifications set forth in the Long-Form Notice, subject to approval by the Court, may be barred from speaking or otherwise presenting any views at the Final Approval Hearing. To be timely, a Notice of Intention to Appear concerning Class Counsel's motion for Class Counsel's Fees and Expenses and/or the Class Representative's Service Award must be postmarked no later than twenty-one (21) days before the Final Approval Hearing. To be timely, a Notice of Intention to Appear concerning any other matter about the Settlement must be postmarked no later than sixty (60) calendar days after the date Short-Form Notice is first posted by Catalina Express.

E.     Class Counsel agrees that it will be solely responsible for defending the Court's Final Approval Order or Final Approval Order on Fees in the event of an appeal. Catalina Express at its sole discretion will make a filing either joining and/or not opposing Class Counsel's defense of the Final Approval Order. Any fees and/or costs incurred by Class Counsel in such appeals may be paid, subject to Court approval, from the Settlement Fund. Class Counsel may not seek to recover such fees and/or costs from Catalina Express.

## VIII.   RELEASE, DISMISSAL OF ACTION, AND JURISDICTION OF COURT

A.     By this Settlement Agreement and the following Release, Catalina Express and Released Parties are released from any and all Litigation Claims, except as set forth in ¶ B below. Although the Release given by this Settlement Agreement is not a general release, Plaintiff and Class Members expressly waive and relinquish all Litigation Claims to the fullest extent permitted by law. Plaintiff and the Class Members recognize that, even if they later discover facts in addition to or different from those which they now know or believe to be true, they nevertheless agree that, upon entry of the Final Approval Order and accompanying Judgment, Plaintiff and the Class Members fully, finally, and forever settle and release any and all of the Released Claims. The Parties acknowledge that the foregoing waiver and release was bargained for and is a material element of the Settlement Agreement.

B.     This     Settlement     Agreement     does     not     affect     the     rights     of Class Members who timely and properly request exclusion from the Settlement Agreement.

C.     Upon issuance of the Final Approval Order: (i) the Settlement Agreement shall be the exclusive remedy for any and all Class Members, except those who have opted out in accordance with the terms and provisions hereof; (ii) Defendant and Released Parties shall not be subject to liability or expense of any kind to any Class Member(s) for reasons related to the Litigation except as set forth herein; and (iii) Class Members shall be permanently barred from initiating, asserting, or prosecuting any and all Released Claims against Defendant and Released Parties.

## IX.   ADMINISTRATION, ATTORNEYS' FEES, AND INCENTIVE AWARDS

A.     All expenses incurred in administering this Settlement Agreement, including the cost of distributing and administering the benefits of the Settlement Agreement, shall be paid exclusively from the Settlement Fund by the Claims Administrator, subject to the limitations contained herein and approval of the Court.

B.     For the purposes of this Settlement Agreement only, Catalina Express agrees to not oppose Class Counsels' application for attorney's fees up to $91,666.67 and costs up to $2,500, and Class Counsel agrees that their application for fees and costs will not exceed $91,666.67 for fees and $2,500 for costs.  The Claims Administrator will issue a single check paid from the Settlement Fund payable solely to "Chant & Company A Professional Law Corporation," for Class Counsel's Fees and Expenses, as approved by the Court, within thirty (30) days after the Effective Date of Settlement for Fees, provided all required documentation— such as W-9 forms, and payment instructions—are timely submitted to the Claims Administrator by Class Counsel.

C.     Catalina Express agrees that, subject to Court approval, Class Counsel may apply to the Court for the payment of a Service Award to the Class Representative that does not exceed $5,000.  The Service Award as approved by the Court shall be paid by Claims Administrator from the Settlement Fund by check to the Class Representative, payable solely to "Larry Tran," and delivered to Class Counsel within ten (10) days after the Effective Date of the Settlement For Class Benefits, provided required documentation such as W-9 forms are timely provided to the Claims Administrator by Class Counsel.

## X.   REPRESENTATIONS, WARRANTIES, AND COVENANTS

A.     Class Counsel, who are signatories hereof, represent and warrant that they have the authority, on behalf of Plaintiff, to execute, deliver, and perform this Settlement Agreement and to consummate all of the transactions contemplated hereby. This Settlement Agreement has been duly and validly executed and delivered by Class Counsel and Plaintiff and constitutes their legal, valid, and binding obligation.

B.     Catalina Express, through its undersigned attorneys, represents, and warrants that it has the authority to execute, deliver, and perform this Settlement Agreement and to consummate the transactions contemplated hereby. The execution, delivery, and performance by Catalina Express of this Settlement Agreement and the consummation by it of the actions contemplated hereby have been duly authorized by all necessary corporate action on the part of Catalina Express. This Settlement Agreement has been duly and validly executed and delivered by Catalina Express and constitutes its legal, valid, and binding obligation.

## XI.   MISCELLANEOUS PROVISIONS

A.     This Settlement Agreement is not to be used in evidence and shall not at any time be construed or deemed to be an admission or concession by Catalina Express with respect to any alleged wrongdoing, fault, or omission of any kind whatsoever, regardless of whether or not this Settlement Agreement results in entry of a Final Approval Order as contemplated herein. Catalina Express specifically denies all of the allegations made in connection with the Litigation.

Neither this Settlement Agreement nor any class certification pursuant to it shall constitute, in this or in any other proceeding, an admission by Catalina Express, or evidence or a finding of any kind, that any requirement for class certification is satisfied with respect to the Litigation, or any other litigation, except for the limited purpose of settlement pursuant to this Settlement Agreement.  This Settlement Agreement is also made with the Parties' express understanding and agreement that (a) under applicable laws, it is appropriate that a class be certified for settlement purposes only; (b) Catalina Express contests and denies that any class, including the proposed Settlement Class, is suitable for certification as a class under the law of any jurisdiction, other than for the purposes of this Settlement Agreement; and (c) notwithstanding any other provisions of this Settlement Agreement, all actions and proceedings pursuant to it shall be consistent with the foregoing. This provision shall survive the expiration or voiding of the Settlement Agreement.

B.      This  Settlement  Agreement  is  entered  into  only  for  purposes  of Settlement. In the event that the Final Approval Order is not entered or a Final Approval Order is subsequently reversed by an appeal, the Parties agree to use their best efforts to cure any defect(s) identified by the Court.  If, despite their best efforts, the Parties cannot cure said defects, this Settlement Agreement, including any releases or dismissals hereunder, is canceled, and no term or condition of this Settlement Agreement, or any draft thereof, or of the discussion, negotiation, documentation or other part or aspect of the Parties' settlement discussions, shall have any effect, nor shall any such matter be admissible in evidence for any purpose, and all Parties shall be restored to their prior rights and positions as if the Settlement Agreement had not been entered into.

C.      The Parties agree that Catalina Express may withdraw or terminate this Settlement Agreement prior to the Final Approval Hearing if more than fifty (50) Class Members have submitted valid and timely Requests for Exclusion. For purposes of determining whether the conditions for withdrawal or termination of the Settlement Agreement have occurred, copies of all Requests for Exclusion timely received, together with copies of all written revocations of Requests for Exclusion, shall be delivered to the Defendant's Counsel within three (3) days of receipt by the Claim Administrator, but, in no event, later than ten (10) Court days before the Final Approval Hearing. In the event of a withdrawal from this Settlement Agreement in accordance with the terms of this paragraph, this Settlement Agreement shall become null and void and of no further force and effect.

D.      The headings of the sections and paragraphs of this Settlement Agreement are included for convenience only and shall not be deemed to constitute part of this Settlement Agreement or to affect its construction.

E.      Capitalized words, terms and phrases are used as defined in § I, above.

F.      This Settlement Agreement may not be modified or amended except in a later-dated writing and signed by all of the Parties.

G.      This Settlement Agreement may be executed in one or more counterparts, each of which, including but not limited to pages transmitted by facsimile or in electronic PDF file format, when so executed and delivered, shall be deemed an original but all of which together

13

shall constitute one and the same instrument.

H.      Except as otherwise expressly provided in this Settlement Agreement, each party to this Settlement Agreement shall bear his, her, or its own fees and costs of the Litigation.

I.      The Parties to this Settlement Agreement reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extensions of time that might be necessary to carry out any of the provisions of this Settlement Agreement, as well as to correct any inadvertent, non-substantive mistakes or typographical errors contained in any of the Settlement papers.

J.      The administration and consummation of the Settlement as embodied in this Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, the release. The Court expressly retains jurisdiction to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement including, but not limited to, orders enjoining Class Members from prosecuting Litigation Claims that are released pursuant to the Settlement Agreement, ensuring compliance with the Claim disbursements as provided herein, and allowing for discovery related to objectors, if any.

K.      The determination of the terms of, and the drafting of, this Settlement Agreement has been by mutual agreement after negotiation, with consideration by and participation of all Parties and their counsel. Since this Settlement Agreement was drafted with the participation of all Parties and their counsel, the presumption that ambiguities shall be construed against the drafter does not apply. The Parties were represented by competent and effective counsel throughout the course of settlement negotiations and in the drafting and execution of this Settlement Agreement, and there was no disparity in bargaining power among the Parties to this Settlement Agreement.

L.      This Settlement Agreement constitutes the entire, fully integrated agreement among the Parties and cancels and supersedes all prior written and unwritten agreements and understandings pertaining to the Settlement of the Litigation.

M.      The Parties agree that any disputes regarding the meaning of the terms and conditions of this Settlement Agreement, the Parties' rights and obligations under this Settlement Agreement, and/or as to any disagreement regarding the manner in which any issue or dispute arising under this Settlement Agreement should be resolved, shall be submitted to the Court for resolution.

N.      All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided.  In computing any period of time prescribed or allowed by this agreement or by order of the Court, the day of the act, or default, from which the designated period of time begins to run shall not be included.  The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, in which event the period shall run until the end of the next day that is not one of the aforementioned days.  Each of the Parties reserves the right, subject to the Court's approval, to seek any reasonable extensions of time that

might be necessary to carry out any of the provisions of this agreement, and to modify or supplement any notice contemplated hereunder.

O.     Any failure by any of the Parties to insist upon the strict performance by any of the other Parties of any of the provisions of this agreement shall not be deemed a waiver of any provision of this agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions herein.

P.     All notices to the Parties or counsel required by this Settlement Agreement shall be made in writing and communicated by electronic and regular mail to the following addresses (unless one of the Parties subsequently designates one or more other designees):

For Class Counsel:

Chant Yedalian, Esq.
Chant & Company
A Professional Law Corporation
1010 N. Central Ave.
Glendale, California 91202
(877) 574-7100 (Telephone)
chant@chant.com

For Catalina Express:

Eric Y. Kizirian, Esq.
Lewis Brisbois Bisgaard & Smith, LLP
633. W. 5th Street, Suite 4000
Los Angeles, California 90071
(213) 250-1800 (Telephone)
Eric.kizirian@lewisbrisbois.com

IN WITNESS WHEREOF, Plaintiff and Catalina Express, by and through their respective counsel, have executed this Settlement Agreement as of the date(s) indicated on the lines below.

Dated: 12/17/15

Larry Tran
Plaintiff

Dated: 12/17/15

Chant Yedalian
Chant & Company A Professional Law Corporation
**Attorney for Plaintiff**

Dated:_____

Print:_____
As the Duly Authorized Corporate Representative of Catalina Channel Express, Inc.

Dated:_____

Eric Y. Kizirian
Lewis Brisbois Bisgaard & Smith LLP
**Attorneys for Catalina Channel Express, Inc.**

15

might be necessary to carry out any of the provisions of this agreement, and to modify or supplement any notice contemplated hereunder.

O.      Any failure by any of the Parties to insist upon the strict performance by any of the other Parties of any of the provisions of this agreement shall not be deemed a waiver of any provision of this agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions herein.

P.      All notices to the Parties or counsel required by this Settlement Agreement shall be made in writing and communicated by electronic and regular mail to the following addresses (unless one of the Parties subsequently designates one or more other designees):

For Class Counsel:

Chant Yedalian, Esq.
Chant & Company
A Professional Law Corporation
1010 N. Central Ave.
Glendale, California 91202
(877) 574-7100 (Telephone)
chant@chant.com

For Catalina Express:

Eric Y. Kizirian, Esq.
Lewis Brisbois Bisgaard & Smith, LLP
633. W. 5th Street, Suite 4000
Los Angeles, California 90071
(213) 250-1800 (Telephone)
Eric.kizirian@lewisbrisbois.com

IN WITNESS WHEREOF, Plaintiff and Catalina Express, by and through their respective counsel, have executed this Settlement Agreement as of the date(s) indicated on the lines below.

Dated:_____      _____
                                Larry Tran
                                Plaintiff

Dated:_____      _____
                                Chant Yedalian
                                Chant & Company A Professional Law Corporation
                                **Attorney for Plaintiff**

Dated: 12·17·15      _____
                                Print: GREG BOMBARD
                                As the Duly Authorized Corporate Representative
                                of Catalina Channel Express, Inc.

Dated:_____      _____
                                Eric Y. Kizirian
                                Lewis Brisbois Bisgaard & Smith LLP
                                **Attorneys for Catalina Channel Express, Inc.**

15

might be necessary to carry out any of the provisions of this agreement, and to modify or supplement any notice contemplated hereunder.

O.      Any failure by any of the Parties to insist upon the strict performance by any of the other Parties of any of the provisions of this agreement shall not be deemed a waiver of any provision of this agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions herein.

P.      All notices to the Parties or counsel required by this Settlement Agreement shall be made in writing and communicated by electronic and regular mail to the following addresses (unless one of the Parties subsequently designates one or more other designees):

For Class Counsel:                              For Catalina Express:

Chant Yedalian, Esq.                           Eric Y. Kizirian, Esq.
Chant & Company                                Lewis Brisbois Bisgaard & Smith, LLP
A Professional Law Corporation                 633. W. 5th Street, Suite 4000
1010 N. Central Ave.                           Los Angeles, California 90071
Glendale, California 91202                      (213) 250-1800 (Telephone)
(877) 574-7100 (Telephone)                     Eric.kizirian@lewisbrisbois.com
chant@chant.com


        IN WITNESS WHEREOF, Plaintiff and Catalina Express, by and through their respective counsel, have executed this Settlement Agreement as of the date(s) indicated on the lines below.

Dated:_____      _____
                                 Larry Tran
                                 Plaintiff


Dated:_____      _____
                                 Chant Yedalian
                                 Chant & Company A Professional Law Corporation
                                 **Attorney for Plaintiff**


Dated:_____      _____
                                 Print:_____
                                 As the Duly Authorized Corporate Representative
                                 of Catalina Channel Express, Inc.

           12-17-2015
Dated:_____      _____
                                 Eric Y. Kizirian
                                 Lewis Brisbois Bisgaard & Smith LLP
                                 **Attorneys for Catalina Channel Express, Inc.**

# EXHIBIT "A"

**If You Purchased a Passenger Ticket from Catalina Express with a Credit or Debit Card at a Catalina Express Ticket Counter Location Between March 6, 2013 and March 9, 2015, You May Be Entitled To Benefits Under A Proposed Class Action Settlement.**

This is a Court-ordered notice to inform you of a proposed class action settlement in a case entitled *Tran v. Catalina Channel Express, Inc.*, Case No. 2:15-CV-03289-AB-MRW.  The case is pending in the United States District Court for the Central District of California.

The Fair and Accurate Credit Transactions Act of 2003 (FACTA), 15 U.S.C. section 1681c(g) requires that credit and debit card receipts (that are printed by Catalina Express at its ticket counter locations and are provided to customers) should not display any more than the last 5 digits of the credit/debit card number and should not display the expiration date of the credit/debit card.  Plaintiff Tran does not allege that Catalina Express displayed more than the last 5 digits of the credit/debit card number on receipts.  Instead, Plaintiff Tran alleges that Catalina Express printed the credit/debit card expiration date on customer receipts.  Thus, Plaintiff Tran contends that Catalina Express did not comply with FACTA because the expiration date of credit/debit cards was displayed on receipts handed to customers during the time period referenced above.  An example of a portion of the receipt is set forth below.  Catalina Express denies the allegations of wrongdoing.



This notice is a summary only.  For further information and/or to receive a Claim Form visit:

**www.XXXXXXXXXXX.com**

You may also call 1-???-???-???? for information.

**EXHIBIT "B"**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**If you purchased a passenger ticket from Catalina Express with a credit or debit card at any Catalina Express ticket-counter location between March 6, 2013 and March 9, 2015, you may be a part of a pending class action lawsuit and your legal rights may be affected by the lawsuit and a proposed class action settlement of the lawsuit.  You may also be entitled to benefits under the proposed class action settlement.**

**Please Read This Notice Carefully, As Your Legal Rights May Be Affected.**

***The United States District Court for the Central District of California authorized this notice. This is not a solicitation from a lawyer.***

Under the terms of a proposed class action settlement, you may be entitled to receive benefits if:

(1)    at any time during the period March 6, 2013 and March 9, 2015, you used a credit or debit card to purchase a passenger ticket(s) from Catalina Express; and

(2)    the ticket(s) was/were purchased at a physical Catalina Express ticket counter in Avalon, Dana Point, Long Beach, San Pedro, or Two Harbors; and

(3)    you were provided a printed credit or debit card receipt that included the card's full expiration date, as shown in the example portion of a receipt below.



| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **MAKE A CLAIM ONLINE, BY FACSIMILE OR BY MAIL BY _____, 2016** | Submitting a Claim Form is the only way to receive a cash payment from this settlement. |
| **EXCLUDE YOURSELF FROM THE CLASS** <br><br> **BY _____, 2016** | Receive no cash payment; retain your rights and claims alleged in the Litigation against the Defendant and/or any of the Released Parties. |
| **OBJECT TO THE SETTLEMENT BY _____, 2016, OR IF OBJECTION IS SOLELY TO THE ATTORNEYS' FEES OR COSTS AND/OR SERVICE AWARD, BY _____, 2016** | If you do not like the settlement, you may submit your written objections by the _____, 2016 deadline.  If your objection is solely to the Class Counsel's Fees and Expenses and/or Service Award, you may submit your written objections by the _____, 2016 deadline.  You must remain in the Class to make any objection. |
| **ATTEND A HEARING ON _____, 2016 AT ____ A.M.** | Ask to speak to the Court about the fairness of the settlement, Class Counsel's Fees and Expenses and/or Service Award at the Final Approval Hearing (if you filed a request to do so, see paragraph 13 below). <br><br> The location, date and time of the Final Approval Hearing is subject to change by Court Order.  See paragraph 13 below. |
| **DO NOTHING** | Receive no cash payment but release your claims alleged in the Litigation against Defendant and the Released Parties. |

1.    **THE LITIGATION:** Plaintiff Larry Tran filed this lawsuit in March 2015.  The operative complaint is captioned *Tran v. Catalina Channel Express, Inc.* and is pending in the United States District Court for the Central District of California, Case No. 2:15-CV-03289-AB-MRW (the "Litigation").  Plaintiff alleges that during the time period March 6, 2013 and March 9, 2015 Catalina Channel Express, Inc. ("Catalina Express") willfully and/or negligently failed to comply with the Fair and Accurate Credit Transactions Act of 2003, 15 U.S.C. § 1681c(g) ("FACTA").  FACTA requires that credit and debit card receipts (that are printed by Catalina Express at its ticket counter locations and are provided to customers) should not display any more than the last 5 digits of the credit/debit card number and should not display the expiration date of the credit/debit card.  Plaintiff Tran does not allege that Catalina Express displayed more than the last 5 digits of the credit/debit card number on receipts.  Instead, Plaintiff Tran alleges that Catalina Express printed the credit/debit card expiration date on customer receipts.  Thus, Plaintiff Tran contends that Catalina Express did not comply with FACTA because the expiration date of credit/debit cards was displayed on printed receipts handed to customers at Catalina Express ticket counter locations during the time period March 6, 2013 and March 9, 2015.

2.    **CATALINA EXPRESS' POSITION:**  Catalina Express has expressly denied and continues to deny all charges of wrongdoing or liability arising out of the allegations and claims asserted in the Litigation, including that it violated FACTA or any of its provisions.  Catalina Express also denies that Plaintiff or any class member has suffered or may suffer any injury as a result of its alleged conduct.  Catalina Express has vigorously resisted the Litigation Claims and has asserted and continues to assert defenses to those claims.  Catalina Express maintains that neither plaintiff nor any putative class member has sustained any cognizable injury or economic loss as a result of its claimed conduct.

3.    **NOTICE:** This notice is designed to inform members of the Class of the pendency of this Litigation and of the proposed settlement, and to describe your rights and options if you are a member of the Class.

4.    **REASONS FOR SETTLEMENT:** Although the Court has not yet resolved the merits of the Litigation, or determined whether the Plaintiff's or Defendant's contentions are true, the parties have agreed to settle the Litigation.  Catalina Express has concluded that settlement is desirable to avoid the time, expense, and inherent uncertainties of defending protracted litigation and to resolve, finally and completely, all Litigation Claims.  Plaintiff and Class Counsel believe that the Settlement is in the best interests of the Class because it provides a recovery for Class Members while avoiding the substantial risk, expense and delay of pursuing the case through trial and any potential appeals.

5.    **WHAT IS A CLASS ACTION:** In a class action, one or more people called class representatives sue on behalf of a group of people (referred to as the class) who have similar claims.  With respect to this proposed Settlement, one court resolves the issues for all of the people who are a part of the Class (referred to as Class Members), except for those people who exclude themselves from the Class.  The Class Representative in this case is Plaintiff Larry Tran.

6.    **SETTLEMENT CLASS:** The District Court has conditionally certified a class ("Class") that includes all residents of the United States (including Puerto Rico) who, at any time during the period of March 6, 2013 and March 9, 2015, made a credit or debit card purchase at any physical Catalina Express ticket counter location (Avalon, Dana Point, Long Beach, San Pedro, or Two Harbors) and were provided a printed credit or debit card receipt that included the expiration date of that credit or debit card.

The Class excludes:

(1)  Catalina Express, its related entities, parent companies, subsidiaries and affiliates, and their respective officers, directors, and employees;
(2)  individuals who only purchased or reserved tickets on Catalina Express's website (http://catalinaexpress.com/);
(3)  individuals and/or entities who validly and timely opt-out of the settlement;
(4)  consumers who previously have released their claims against Catalina Express with respect to the issues raised in this Litigation; and
(5)  any judge to whom this matter is assigned, and his or her immediate family (spouse, domestic partner, or children).

To represent the above Class for purposes of the settlement, the Court has appointed the named Plaintiff Larry

Tran to serve as the Class Representative, and has appointed attorney Chant Yedalian of Chant & Company A Professional Law Corporation, to act as Class Counsel.

The addresses of the physical Catalina Express ticket counter locations where the printed receipts involved in this Litigation were issued to customers are as follows:

Avalon: 6 Cabrillo Mole, Avalon, CA  90704;

Dana Point: 34675 Golden Lantern, Dana Point, CA  92629;

Long Beach: 320 Golden Shore, Long Beach, CA  90802;

San Pedro: Perth 95, San Pedro, CA  90731; and

Two Harbors: 1 Banning House Road, Avalon, CA  90704.

7.     **SETTLEMENT BENEFITS:**  The following description of the settlement benefits and the defined terms used herein are qualified in their entirety by reference to the Class Action Settlement Agreement and Release, a copy of which is on file with the Court and available at the settlement website (www.XXXXXXX.com).  Kindly refer to the complete Class Action Settlement Agreement and Release for a full description of all settlement terms and conditions.  The following definitions apply to the summary below:

- **Actual Damages**. "Actual Damages" means any damages, costs, or expenses, not to exceed five hundred dollars ($500.00), incurred by a Class Member as a direct result of the FACTA violations alleged in the operative complaint.  By way of example and not limitation, "Actual Damages" includes, but is not limited to, unauthorized charges on credit or debit cards that were not refunded.

- **Claim**. "Claim" means a request by a Class Member for a disbursement from the Net Settlement Fund for each unique credit or debit card used to make a credit or debit card purchase at any physical Catalina Express ticket counter location during the Class Period.

- **Class Period.** "Class Period" shall mean the time during the period of March 6, 2013 and March 9, 2015.

- **Claim Form.** "Claim Form" shall mean either a physical or electronic form to be used by Class Members to make a Claim.

- **Claims Deadline.**  "Claims Deadline" shall mean the date [**Month, Day, 2016**] by which a Class Member can make a Claim.

- **Settlement Fund.**  "Settlement Fund" means the non-reversionary "all-in" cash sum in the total amount of $275,000.00 that will be paid by Catalina Express that will be used to pay for Claims, Class Counsel's Fees and Expenses, Notice costs, the Service Award, Claims Administrator costs, and any and all other "all-in" costs associated with the Settlement. In no event shall Catalina Express be obligated to make any additional payment under the terms of the Settlement Agreement. The Settlement Fund shall constitute the exclusive recovery and relief for the Class.

- **Net Settlement Fund.**  "Net Settlement Fund" means the amount remaining after the following payments are deducted from the Settlement Fund: the costs of notice and claims administration charged by the Claims Administrator; the Class Counsel's Fees and Expenses, as approved and awarded by the Court; and the Service Award.

- **Required Documentation**.  "Required Documentation" means a completed Claim Form signed under penalty of perjury and documentation that evidences a credit card or debit card transaction for the purchase of a Catalina Express ticket at any time during the Class Period. If the Class Member is seeking a disbursement for

"Actual Damages," in addition to the requirements listed herein, the Class Member must also submit documentation that substantiates a Claim for Actual Damages.

| SUMMARY OF BENEFITS IF SETTLEMENT IS APPROVED | |
|---|---|
| **ACTUAL DAMAGE CLAIMANTS** | Each Class Member that submits a Claim for Actual Damages and Required Documentation to the Claims Administrator before the Claims Deadline will receive a disbursement from the Net Settlement Fund equal to their claimed actual out-of-pocket damages, up to a maximum of $500, subject to a *pro rata* reduction.<br><br>If the Actual Damage amount claimed by a Class Member (after applying a possible *pro rata* reduction) is less than the amount paid to those Claimants who are not claiming actual damage (after applying a possible *pro rata* reduction), it will be presumed that the Class Member with Actual Damages elects to receive the higher amount of the payment as between the two and will be paid accordingly.<br><br>Each Class Member may make a single Claim for Actual Damages for each unique credit card or debit card used to make a purchase at a Catalina Express ticket counter location during the Class Period.  By way of example and not limitation, a Class Member who has used a single credit card for multiple transactions during the Class Period and who makes a Claim for Actual Damages is entitled to a single payment from the Net Settlement Fund up to the maximum $500 amount.  If more than one credit or debit card was used during the Class Period, a separate Claim for Actual Damages may be made for each credit or debit card used provided that Required Documentation is submitted for each Claim. You may make more than one Claim using a single Claim Form.<br><br>To obtain reimbursement you must submit a timely Claim Form and Required Documentation to the Claims Administrator before the Claims Deadline of [date]. |
| **CLAIMANTS WHO DO NOT CLAIM ACTUAL DAMAGES** | Each Class Member that submits a Claim and Required Documentation to the Claims Administrator before the Claims Deadline but does not claim Actual Damages will receive a disbursement from the Net Settlement Fund up to a maximum of $250.00, subject to a *pro rata* reduction.<br><br>Each Class Member may make a single Claim for each unique credit card or debit card used to make a purchase at a Catalina Express ticket counter location during the Class Period.  By way of example and not limitation, a Class Member who has used one credit card for multiple transactions during the Class Period is entitled to a single payment from the Net Settlement Fund up to the maximum $250 amount.  If more than one credit or debit card was used during the Class Period, a separate Claim may be submitted for each. You may make more than one Claim using a single Claim Form.<br><br>To obtain reimbursement you must submit a timely Claim and Required Documentation to the Claims Administrator before the claims deadline of [date]. |
| **POSSIBLE *PRO RATA* REDUCTION** | In the event the Claims received by Actual Damage Claimants and Claimants Who Do Not Claim Actual Damages exceed the amount of the Net Settlement Fund, they will be subject to a *pro rata* reduction equal to the amount of the Net Settlement Fund. |
| **UNCLAIMED AMOUNTS** | Any unclaimed amounts in the Settlement Fund will not revert to Catalina Express and instead will be distributed to one or more *cy pres* (charity) recipients, as mutually agreed to by the Parties and approved by the Court.  If, however, for any reason, any or all of the |

| | |
|---|---|
| | charities agreed to and proposed by the Parties are not approved by the Court, any such decision by the Court shall not affect the enforceability of the Settlement because the Parties agree that the residual funds shall be distributed in a manner approved by the Court. |
| **IMPLEMENTATION OF FACTA COMPLIANCE POLICY** | Catalina Express represents and warrants that shortly after Plaintiff initiated the Litigation and in response to the Litigation, Catalina Express modified its credit and debit card printed receipt format to obscure the card's expiration date and adopted a policy of continued future compliance with FACTA's 15 U.S.C. Section 1681c(g)(1). |

8.      **HOW TO SUBMIT A CLAIM FORM:**  If you are mailing the Claim Form, your completed Claim Form (together with the required documentation) must be mailed to the following address postmarked no later than **[DATE]**:

> [Address
> …
> …
> Address]

You may also send your Claim Form (together with the required documentation) by facsimile to the following facsimile number 1-???-???-????, by no later than **11:59 p.m. Pacific Time on [DATE].**

You may also make your Claim by completing and submitting an electronic version of the Claim Form (and uploading and submitting the required documentation) on the internet at www.[?????].com by no later than **11:59 p.m. Pacific Time on [DATE].**

Please visit www.[?????].com to get a copy of the Claim Form or to complete and submit the Claim Form on the internet.

9.      **THE COURT APPOINTED A LAWYER TO REPRESENT YOU AND OTHER CLASS MEMBERS:** The Court appointed a lawyer to represent you and other Class members.  This lawyer is called Class Counsel.  Class Counsel is Chant Yedalian of Chant & Company A Professional Law Corporation.  You will not be charged for this lawyer; he will be compensated as set forth in paragraph 10, below.  If you want to be represented by your own lawyer, you may hire one at your own expense.

10.      **HOW CLASS COUNSEL AND THE CLASS REPRESENTATIVE WILL BE PAID:** To date, Class Counsel has not received any payment for his services in prosecuting the case, nor has he been reimbursed for any out-of-pocket costs.  If the Court approves the proposed settlement, Class Counsel will apply to the Court for an award of attorney's fees and reimbursement for costs ("Class Counsel's Fees and Expenses"), to be paid from the Settlement Fund, in an amount not to exceed $91,666.67 in attorney's fees plus up to $2,500.00 in costs.  Class Counsel also will apply to the Court for a service award ("Service Award"), of $5,000 to Plaintiff Larry Tran, to be paid from the Settlement Fund, for his initiative and effort in pursuing the Litigation for the benefit of the Class and for serving as the Class Representative.

11.      **WHAT YOU GIVE UP TO RECEIVE SETTLEMENT BENEFITS:**  If you are a Class Member, unless you exclude yourself, if the Settlement is approved you will be legally bound by all orders and judgments of the Court, and you will not be able to sue, or continue to sue, Catalina Channel Express, Inc. ("Catalina Express") or any of the Released Parties about any of the Litigation Claims.

        "Released Parties" shall mean Catalina Express, Catalina Express's respective subsidiaries and related entities, and the foregoing entities' past and present officers, directors, shareholders, predecessors in interest, successors in interest, employees, insurers, and attorneys.

        "Litigation Claims" are claims (factual or legal) and causes of action, that Plaintiff asserts or could have asserted in the Complaint or the First Amended Complaint arising out of Catalina Express' alleged negligent or intentional conduct

in violation of FACTA from March 6, 2013 and up to and including March 9, 2015.

"Released Claims" refers to the "Litigation Claims" released by the Settlement.

Staying in the Class also means that you agree to the following release of claims, which describes exactly the legal claims that you give up:

Catalina Express and Released Parties are released from any and all Litigation Claims, except as to those Class Members who timely and properly request exclusion from the Settlement Agreement.  Although the Release given by the Settlement Agreement is not a general release, Plaintiff and Class Members expressly waive and relinquish all Litigation Claims to the fullest extent permitted by law.  Plaintiff and the Class Members recognize that, even if they later discover facts in addition to or different from those which they now know or believe to be true, they nevertheless agree that, upon entry of the Final Approval Order and accompanying Judgment, Plaintiff and the Class Members fully, finally, and forever settle and release any and all of the Released Claims.

You will not be responsible for any out-of-pocket costs or attorneys' fees concerning this Litigation if you stay in the Class.

12.    **YOUR OPTIONS:**  If you are a member of the Class, you have the following options:

(a)    **PARTICIPATE IN THE SETTLEMENT:**  If you agree with the proposed Settlement, you need not do anything to remain in the Class.  You are, however, required to submit a timely Claim Form to be eligible to receive a payment from the Net Settlement Fund.  For information on the status of settlement approval and other settlement related information, please visit the settlement website (www.XXXXXXX.com).

(b)    **REQUEST TO BE EXCLUDED:**  To exclude yourself from this Settlement and retain your right to pursue Catalina Express or any of the Released Parties about any of the Litigation Claims, you must send a written notice of your request to exclude yourself (opt-out) from the Class, postmarked no later than _____ to the Claims Administrator at the following address:

> CLAIMS ADMINSTRATOR
> ADDRESS
> ADDRESS
> ADDRESS

Your request must be signed by you, include your full name and current address, and specifically state that you request to be excluded from the Class in *Tran v. Catalina Channel Express, Inc.*  If you validly and timely request exclusion from the Class, (1) you will be excluded from the Class; (2) you will not be entitled to the settlement benefits; (3) you will not be bound by the terms of the Settlement, the judgment dismissing the lawsuit, or the release of Litigation Claims provided by the Settlement; and (4) you will not be entitled to object to the proposed Settlement or be heard at the Final Approval Hearing described in paragraph 13 below.

(c)    **OBJECT TO THE SETTLEMENT, CLASS COUNSEL'S FEES AND EXPENSES AND/OR THE CLASS REPRESENTATIVE'S SERVICE AWARD:**  If you are a member of the Class and you do not request to be excluded, you may object to the terms of the Settlement.   If you are a member of the Class and you do not request to be excluded, you may also object to Class Counsel's motion for Class Counsel's Fees and Expenses and/or the Class Representative's Service Award.  Such motion will be posted on the Settlement website (www.XXXXXXX.com) by [Date].

Any objection to the terms of the Settlement must be filed with the Court and also served on Class Counsel and Defendant's Counsel by [Date].

Any objection to Class Counsel's motion for Class Counsel's Fees and Expenses and/or the Class Representative's Service Award must be filed with the Court and also served on Class Counsel and Defendant's Counsel by [Date].

To be effective, each and every objection must (1) be in writing; (2) filed with the Clerk of the Court of United States District Court for the Central District of California, 312 N. Spring Street, Los Angeles, California 90012; (3) served on Class Counsel at Chant Yedalian, Esq., Chant & Company A Professional Law Corporation, 1010 N. Central Ave., Glendale, California 91202; (4) served on Catalina Express's Counsel at Eric Y. Kizirian, Esq., Lewis Brisbois Bisgaard & Smith, LLP, 633. W. 5th Street, Suite 4000, Los Angeles, California 90071; (5) include a reference to *Tran v. Catalina Channel Express, Inc.*, Case No. 2:15-CV-03289-AB-MRW; (6) include your full name, address and telephone number; (7) include a written statement of all grounds for the objection accompanied by any legal support for your objection; (8) include copies of any papers, briefs, or other documents upon which the objection is based; (9) include a list of all persons who will be called to testify in support of the objection (if any); (10) include a statement of whether you intend to appear at the Final Approval Hearing through counsel and, if so, must also state the identity of all attorneys representing you who will appear at the Final Approval Hearing; and (11) include your signature or if you are represented by counsel, your counsel's signature.

Class members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the settlement.

13.    **FINAL APPROVAL (FAIRNESS) HEARING:** On ___DATE_____ at ?:?? ?.m., in Courtroom 4 (2nd Floor) of the United States Courthouse, for the Central District of California, 312 N. Spring Street, Los Angeles, CA 90012-4701, the Honorable Andre Birotte Jr., United States District Judge, will hold a final approval (fairness) hearing ("Final Approval Hearing") for the purpose of deciding (a) whether the Settlement should be approved as fair, reasonable, and adequate for the class; (b) whether a judgment granting approval of the Settlement and dismissing the lawsuit with prejudice should be entered; and (c) whether Class Counsel's motion for Class Counsel's Fees and Expenses and/or the Class Representative's Service Award should be granted.  The Final Approval Hearing may be postponed, adjourned, or rescheduled by the Court without further notice to the Class.  You do not need to attend the Final Approval Hearing to remain a member of the Class or participate in the Settlement. Any Class Member who requests to be heard orally at the Final Approval Hearing must file with the Court and serve on Class Counsel and Defendant's Counsel a written notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear").   The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member (or his/her counsel) will present to the Court in connection with the Final Approval Hearing.  Any Class Member who does not provide a Notice of Intention to Appear in complete accordance with specifications set forth herein may be barred from speaking or otherwise presenting any views at the Final Approval Hearing.  The Notice of Intention to Appear must be filed with the Clerk of the Court of United States District Court for the Central District of California, 312 N. Spring Street, Los Angeles, California 90012; served on Class Counsel at Chant Yedalian, Esq., Chant & Company A Professional Law Corporation, 1010 N. Central Ave., Glendale, California 91202; and served on Catalina Express's Counsel at Eric Y. Kizirian, Esq., Lewis Brisbois Bisgaard & Smith, LLP, 633. W. 5th Street, Suite 4000, Los Angeles, California 90071.  To be timely, a Notice of Intention to Appear concerning Class Counsel's motion for Class Counsel's Fees and Expenses and/or the Class Representative's Service Award must be postmarked no later than [DATE twenty-one (21) days before the Final Approval Hearing].  To be timely, a Notice of Intention to Appear concerning any other matter about the Settlement must be postmarked no later than [DATE sixty (60) calendar days after the date Short-Form Notice is first posted by Catalina Express].

14.    **EXAMINATION OF PAPERS FILED IN THE CASE:** This notice does not describe all details of the Settlement.  For full details of the matters discussed in this notice, you may review the Class Action Settlement Agreement and Release, on file with the Court, and also available at the settlement website www.XXXXXXXXXX.com.  A complete copy of the

Class Action Settlement Agreement and Release, and other pleadings and papers filed in the Litigation are also available for inspection and copying during regular business hours at the United States District Court for the Central District of California, 312 N. Spring Street, Room G-8, Los Angeles, California 90012.

15.     **ADDITIONAL INFORMATION:**   You can get more information by viewing the Settlement website at www.XXXXXXXXXX.com, by writing Class Counsel at Chant Yedalian, Esq., Chant & Company A Professional Law Corporation, 1010 N. Central Avenue, Glendale, CA 91202, chant@chant.mobi, or by calling Class Counsel at (877) 574-7100.  Please include the reference *Tran v. Catalina Channel Express, Inc*.

# EXHIBIT "C"

## <u>CLAIM FORM</u>

| **I. YOUR INFORMATION** |
|---|

Please clearly print or type your information in the spaces below:

Name:_____

Street Address:_____

City:_____        State:_____        Zip Code:_____

Phone Number:_____        E-mail Address (Optional):_____

| **II. PLEASE COMPLETE PART II(A) OR PART II(B), OR BOTH PART II(A) AND PART II(B)** |
|---|

You may make a claim for each unique credit card or debit card you used to make a purchase at a Catalina Express ticket counter location during the period of March 6, 2013 and March 9, 2015. For example, if you purchased tickets on four separate occasions but used the *same* credit or debit card for each transaction, you may make only one claim. If you used different credit or debit cards for each of the four transactions, you may make a separate claim for each unique card used. You may use a single Claim Form to make multiple claims.

  <u>**Proof Of Purchase Only Claims (Part II(A))**</u>: As long as you can provide proof that you made a credit or debit purchase at a Catalina Express ticket counter location (on-line purchases are excluded), you can recover up to $250 for each unique credit card or debit card used. If you do <u>not</u> have actual damages, please complete Part II(A) for each card used.

  <u>**Proof Of Purchase and Damage Claims (Part II(B))**</u>: If you believe you suffered actual damages (such as someone using your card to make an unauthorized purchase) and can provide proof of purchase at a Catalina Express Ticket Counter and proof of your actual damage, you may be able to recover up to $500 for each unique credit card or debit card for which you can show proof of actual damage. If you would like to make such a claim, please complete Part II(B) for each card used.

<table>
<tr><td>

**PART II(A)**

<u>**CLAIM WITHOUT ACTUAL DAMAGES (RECEIVE UP TO $250 PER CARD)**</u>.

**Proof of Purchase Options:**

| | |
|---|---|
| **Option 1:** | **Attach Original/Copy of Credit or Debit card Printed Receipt dated 3/6/13 through 3/9/15; OR** |
| **Option 2:** | **Attach Original/Copy of Credit or Debit Card Statement Showing Catalina Express Purchase at a Ticket Counter between 3/6/13 through 3/9/15: OR** |
| **Option 3:** | **Attach Original/Copy of Credit or Debit Card Transaction Summary Showing Catalina Express Purchase at a Ticket Counter between 3/6/13 through 3/9/15.** |

<u>**Claim(s)**</u>

☐   Claim:    I made a purchase using my credit or debit card ending with the last 4 digits: ☐ ☐ ☐ ☐.

     I hereby submit proof of this credit or debit card transaction under Option
     [1]  [2]  [3]  (Please circle one appropriate option and attach proof)

*If you have any additional card(s) for which you would like to make a claim under Part II(A), make an additional claim(s) below for each addition card, if any:*

</td></tr>
</table>

☐   Claim:     I made a purchase using my credit or debit card ending with the last 4
digits: ☐ ☐ ☐ ☐**.**

I hereby submit proof of this credit or debit card transaction under Option
[1]     [2]     [3]     (Please circle one appropriate option and attach proof)

☐   Claim:     I made a purchase using my credit or debit card ending with the last 4
digits: ☐ ☐ ☐ ☐**.**

I hereby submit proof of this credit or debit card transaction under Option
[1]     [2]     [3]     (Please circle one appropriate option and attach proof )

**If you have any additional card(s) for which you would like to make a claim under Part II(A), you may print additional copies of this page and attach them to this Claim Form.**

---

### PART II(B)

### CLAIM FOR ACTUAL DAMAGES (RECEIVE UP TO $500 PER CARD).

**Proof of Purchase Options:**

**Please provide _BOTH_ Proof of actual damages AND one of the following:**

**Option 1:**     **Attach Original/Copy of the Printed Credit or Debit card Receipt dated 3/6/13 through 3/9/15; OR**

**Option 2:**     **Attach Original/Copy of Credit or Debit Card Statement Showing Catalina Express Purchase at a Ticket Counter between 3/6/13 through 3/9/15; OR**

**Option 3:**     **Attach Original/Copy of Credit or Debit Card Transaction Summary Showing Catalina Express Purchase at a Ticket Counter between 3/6/13 through 3/9/15.**

☐   Claim:     I made a purchase using my credit or debit card ending with the last 4
digits: ☐ ☐ ☐ ☐**.**

I hereby submit proof of this credit or debit card transaction under Option
[1]     [2]     [3]     (Please circle one appropriate option and attach proof)

I provide the following explanation and attach the following document(s) which show(s) the damage that I sustained (explain the damage that you sustained, and describe the document(s) that you attached that show the damage):_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**If you have any additional card(s) for which you would like to make a claim under Part II(B), you may print additional copies of this page and attach them to this Claim Form.**

---

**III. SIGNATURE**

I declare under penalty of perjury under the laws of the United States that the information I have provided in this Claim Form is true and correct.

Signature:_____     Dated:_____

**Questions? Call 1-???-???-???? or visit www.??????????????????.com**

## INSTRUCTIONS FOR THE CLAIM FORM

### I.    Deadline For Returning Your Completed Claim Form

To receive any benefits, you must complete and return the attached Claim Form **by no later than [DATE]**.  You may submit the Claim Form by U.S. mail, fax, or on-line submission.

If you are mailing the Claim Form, your completed Claim Form (together with the required documentation) must be mailed to the following address **postmarked no later than [DATE]:**

    ?????, c/o Dahl Administration
    PO Box 3614
    Minneapolis, MN 55403

You may also send your Claim Form (together with the required documentation) by facsimile to the following facsimile number 1-???-???-????, **by no later than 11:59 p.m. Pacific Time on [DATE]**.

You may also submit your claim by completing and submitting an electronic version of the Claim Form (and uploading and submitting the required documentation) on the internet at www.?????.com, **by no later than 11:59 p.m. Pacific Time on [DATE].**

### II.   You Must Complete Section I Of The Claim Form

You must complete Section I entitled "Your Information" by clearly printing or typing your information in the appropriate spaces.  You must complete all of the spaces, except for your E-mail address which is optional.

### III.   You Must Also Provide The Necessary Information And Documents With Your Claim Form

As explained in Section II of the Claim Form, you may make a claim for each unique credit card or debit card you used to make a purchase at a Catalina Express ticket counter location during the period of March 6, 2013 and March 9, 2015.  For example, if you used only 1 unique credit card to make a purchase, you may make a claim for that 1 card.   As another example, if you used 2 unique credit cards and 2 unique debit cards to make a purchase, you may make a claim for each and every one of those 4 cards.  You may use a single Claim Form to make multiple claims.

    **Proof Of Purchase Only Claims (Part II(A)):**  As long as you can provide proof that you made a purchase, you can recover up to $250 for each unique credit card or debit card you used to make a purchase.  If you provide only proof of purchase for a credit or debit card, please complete Part II(A) for each such card.

    **Proof Of Purchase and Damage Claims (Part II(B)):**  If you believe you suffered actual damages and can provide proof of purchase and proof of your actual damage, then you may be able to recover up to $500 for each unique credit card or debit card you used to make a purchase and for which you can show proof of actual damage.  If you would like to make such a claim, please complete Part II(B) for each particular card for which you make such a claim.

If you provide your statement or copy of your statement as a form of proof of purchase under Part II(A) or Part II(B), please redact (meaning you may white-out or mark-over) information contained in your credit or debit card statement to prevent it from showing things like your account numbers (except the last 4 digits which must be shown), your other purchases, etc.  The only information that is required to show on your statement for purposes of making a claim under this settlement is your name, address, the last 4 digits of your account number, and all of the details of your transaction from Catalina Express, including the date and amount of your purchase.

If you decide to send an original of any document (instead of sending a copy), it is encouraged that you make and keep a copy for yourself.  We will not be responsible for original documents that are lost.

### IV.   You Must Sign In The Space Provided In Section III Of The Claim Form

You must also sign the Claim Form in the space provided in Section III of the Claim Form.

**Questions? Call 1-???-???-???? or visit www.???????????????.com**

EXHIBIT 2

***Tran v. Catalina Channel Express, Inc.***
**U.S.D.C. C.D. Cal. Case No. 2:15-CV-03289-AB-MRW**

### SUPPLEMENT AND AMENDMENT TO SETTLEMENT AGREEMENT AND RELEASE

On December 17, 2015, Plaintiff Larry Tran ("Plaintiff"), on behalf of himself and all others similarly situated and through his counsel, and Defendant Catalina Channel Express, Inc. ("Catalina Express" or "Defendant"), by and through its counsel, entered into a Settlement Agreement and Release ("Settlement Agreement"), subject to the approval of the Court.  Plaintiff and Defendant are collectively referred to as the Parties.

The Parties hereby agree to modify the Settlement Agreement as follows:

1.      The term "Catalina Express Website Notice" is added as item 41 to Section I of the Settlement Agreement, as follows:

"**41)    Catalina Express Website Notice.**  'Catalina Express Website Notice' means the settlement information language and settlement website link that Catalina Express will post on its company website (at the URL: http://www.catalinaexpress.com/schedule-fares.html), as further described in Section IV.E, below."

2.      Subsection E is hereby added to Section IV of the Settlement Agreement. Subsection E states as follows:

"E.      For at least a one hundred eighty (180) day period following the grant of Preliminary Approval, Catalina Express shall post on the Schedule & Fares section of its company website (at the URL: http://www.catalinaexpress.com/schedule-fares.html) the following information and settlement website link:

'**NOTICE OF CLASS ACTION SETTLEMENT**
If you purchased a passenger ticket using a credit or debit card at a Catalina Express ticket counter location (a physical Catalina Express ticket counter as opposed to a purchase made through a website or over the telephone) between March 6, 2013 and March 9, 2015, you may be entitled to benefits under a proposed class action settlement.

Click **here** for more information.'

Catalina Express shall be responsible for all costs and expenses concerning the Catalina Express Website Notice and any such costs or expenses shall not be paid or deducted from the Settlement Fund."

1 of 2

3.     Section IV.D of the Settlement Agreement is modified such that the phrase "and Catalina Express Website Notice" is added after the term "Notice."

4.     Section III.F of the Settlement Agreement is replaced in its entirety with the following language:

"F.     Any unclaimed amounts in the Settlement Fund will not revert to Catalina Express and instead will be distributed to Public Counsel, or any other *cy pres* recipient(s) approved by the Court."

This Supplement and Amendment To Settlement Agreement and Release may be executed and delivered in counterparts, each of which, including but not limited to pages transmitted by facsimile or in electronic PDF file format, when so executed and delivered, shall be deemed to be an original.

**AGREED TO AND ACCEPTED:**

Dated:  2/23/16       _____
                       Larry Tran
                       Plaintiff

Dated:  2/23/16       _____
                       Chant Yedalian
                       Chant & Company A Professional Law Corporation
                       **Attorney for Plaintiff**

Dated:_____  _____
                       Print:_____
                       As the Duly Authorized Corporate Representative
                       of Catalina Channel Express, Inc.

Dated:_____  _____
                       Eric Y. Kizirian
                       Lewis Brisbois Bisgaard & Smith LLP
                       **Attorneys for Catalina Channel Express, Inc.**

2 of 2

3.     Section IV.D of the Settlement Agreement is modified such that the phrase "and Catalina Express Website Notice" is added after the term "Notice."

4.     Section III.F of the Settlement Agreement is replaced in its entirety with the following language:

"F.     Any unclaimed amounts in the Settlement Fund will not revert to Catalina Express and instead will be distributed to Public Counsel, or any other *cy pres* recipient(s) approved by the Court."

This Supplement and Amendment To Settlement Agreement and Release may be executed and delivered in counterparts, each of which, including but not limited to pages transmitted by facsimile or in electronic PDF file format, when so executed and delivered, shall be deemed to be an original.

**AGREED TO AND ACCEPTED:**


Dated:_____          _____
                                Larry Tran
                                Plaintiff


Dated:_____          _____
                                Chant Yedalian
                                Chant & Company A Professional Law Corporation
                                **Attorney for Plaintiff**


Dated: _2/23/16_____           _____
                                Print:_ PAUL SAWASAKI___
                                As the Duly Authorized Corporate Representative
                                of Catalina Channel Express, Inc.


Dated:_____          _____
                                Eric Y. Kizirian
                                Lewis Brisbois Bisgaard & Smith LLP
                                **Attorneys for Catalina Channel Express, Inc.**


2 of 2

3.      Section IV.D of the Settlement Agreement is modified such that the phrase "and Catalina Express Website Notice" is added after the term "Notice."

4.      Section III.F of the Settlement Agreement is replaced in its entirety with the following language:

"F.      Any unclaimed amounts in the Settlement Fund will not revert to Catalina Express and instead will be distributed to Public Counsel, or any other *cy pres* recipient(s) approved by the Court."

This Supplement and Amendment To Settlement Agreement and Release may be executed and delivered in counterparts, each of which, including but not limited to pages transmitted by facsimile or in electronic PDF file format, when so executed and delivered, shall be deemed to be an original.

**AGREED TO AND ACCEPTED:**

Dated:_____        _____

                              Larry Tran
                              Plaintiff

Dated:_____        _____

                              Chant Yedalian
                              Chant & Company A Professional Law Corporation
                              **Attorney for Plaintiff**

Dated:_____        _____

                              Print:_____
                              As the Duly Authorized Corporate Representative
                              of Catalina Channel Express, Inc.

Dated: 2/23/16                _____

                              Eric Y. Kizirian
                              Lewis Brisbois Bisgaard & Smith LLP
                              **Attorneys for Catalina Channel Express, Inc.**

2 of 2