NOTE: CHANGES MADE BY THE COURT

JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

LARRY TRAN, on behalf of himself
and all others similarly situated,

            Plaintiff,

v.

CATALINA CHANNEL EXPRESS,
INC. (d/b/a Catalina Express); and
DOES 1 through 10, inclusive,

            Defendants.

Case No.: 2:15-cv-03289-AB-MRW

**[~~PROPOSED~~] ORDER GRANTING
(1) MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT
AND JUDGMENT AND
(2) MOTION FOR AWARD OF
ATTORNEYS' FEES AND COSTS**

**HEARING**
Date:  August 1, 2016
Time:  10:00 a.m.
Courtroom:  4 (2nd Floor)
Judge: Hon. Andre Birotte Jr.

In connection with the Motion For Preliminary Approval Of Class Action Settlement, the Court received the Class Action Settlement Agreement and Release (hereinafter sometimes referred to as the "Settlement Agreement"), entered into between Plaintiff Larry Tran ("Plaintiff"), on behalf of himself and all others similarly situated, and Defendant Catalina Channel Express, Inc. ("Catalina Express" or "Defendant").

In connection with the Motion For Preliminary Approval Of Class Action Settlement, the Court also received other documents, including the Parties' Supplement And Amendment To Settlement Agreement And Release ("Amendment").

On April 4, 2016, the Court granted preliminary approval of the Settlement. Dkt. No. 31.

On June 30, 2016, Plaintiff filed a Motion For Final Approval Of Class Action Settlement.

On June 30, 2016, Plaintiff also filed a Motion For Award Of Attorney's Fees And Costs To Class Counsel And Incentive Payment To The Class Representative ("Motion").

The Court held a (fairness) Final Approval Hearing on August 1, 2016.

Having duly considered all submissions and arguments presented, IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:[1]

1.    The Court hereby grants final approval of the proposed Settlement upon the terms and conditions set forth in the Settlement Agreement.  The Court finds that the terms of the proposed Settlement (as modified by the Amendment and this Court's preliminary approval Order) are fair, adequate and reasonable and comply with Rule 23(e) of the Federal Rules of Civil Procedure ("FRCP").

---

[1] Capitalized terms in this Order shall have the same meanings as in the Settlement Agreement, unless indicated otherwise.

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT
Case No. 2:15-cv-03289-AB-MRW

2.     The Court orders that the following Class is certified for settlement purposes only:

> All residents of the United States (including Puerto Rico) who, at any time during the period of March 6, 2013 and March 9, 2015, made a credit or debit card purchase at any physical Catalina Express ticket counter location (Avalon, Dana Point, Long Beach, San Pedro, or Two Harbors) and were provided a printed credit or debit card receipt that included a credit or debit card expiration date.  Excluded from the Class are (1) Catalina Express, its related entities, parent companies, subsidiaries and affiliates, and their respective officers, directors, and employees; (2) individuals who only purchased or reserved tickets on Catalina Express's website (http://catalinaexpress.com/); (3) individuals and/or entities who validly and timely opt-out of the Settlement; (4) consumers who previously have released their claims against Catalina Express with respect to the issues raised in this Litigation; and (5) any judge to whom this matter is assigned, and his or her immediate family (spouse, domestic partner, or children).

3.     The Court finds that, for purposes of the Settlement, the above-defined Class meets all of the requirements for class certification.  The Court further finds that, for purposes of the Settlement, the requirements of FRCP Rule 23(a) and 23(b)(3) are satisfied and that (a) the Settlement Class is ascertainable, (b) the members of the Class are so numerous that joinder is impracticable, (c) there are questions of law and fact common to the Settlement Class members which predominate over any individual questions, (d) the representative Plaintiff's claims are typical of the claims of the Class Members, (e) the Class Representative and Class Counsel have fairly, adequately, reasonably and competently represented and protected the interests of the Class throughout the litigation, and (f) a class action is

superior to other available methods for the fair and efficient adjudication of the controversy.

4.      The Court appoints Plaintiff Larry Tran as the Class Representative for the Class.

5.      The Court appoints attorney Chant Yedalian of Chant & Company A Professional Law Corporation as Class Counsel for the Class.

6.      The Court appoints Dahl Administration as the Claims Administrator to administer the Settlement.

7.      The Court finds that the Settlement is the product of serious, informed, non-collusive negotiations conducted at arm's-length by the Parties.  In making these findings, the Court considered, among other factors, the potential statutory damages claimed in the lawsuit on behalf of Plaintiff and members of the Class, Defendant's potential liability, the risks of continued litigation including trial outcome, delay and potential appeals, the substantial benefits available to the Class as a result of the Settlement, and the fact that the proposed Settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial.  The Court further finds that the terms of the Settlement (as modified by the Amendment and this Court's preliminary approval Order) have no obvious deficiencies and do not improperly grant preferential treatment to any individual member of the Class.

8.      The Court finds that the notice that has been provided to Class Members, as well as the means by which it was provided, all of which the Court previously approved, constitutes the best notice practicable under the circumstances and is in full compliance with the United States Constitution, FRCP Rule 23, and the requirements of due process.  The Court further finds that the notice (as modified by the Amendment and this Court's preliminary approval Order) fully and accurately informed Class Members of all material elements of the lawsuit and proposed class action Settlement, of each member's right to be excluded from the Settlement, and

- 4 -

each member's right and opportunity to object to the proposed class action Settlement and be heard at the (fairness) Final Approval Hearing.

9.     The Court finds that the manner and content of the notice of Settlement has been complied with in conformity with this Court's previous Orders.

10.     The Court finds that zero Class Members have timely requested exclusion from the Settlement.

11.     The Court finds that zero Class Members have timely objected to the Settlement.

12.     The Court finds that zero Class Members have timely requested to appear or be heard at the Final Approval Hearing.

13.     All Class Members who did not timely exclude themselves from the Settlement are bound by the Settlement Agreement, including the release contained in Section VIII of the Settlement Agreement.

14.     The Court hereby directs the Parties and Claims Administrator to effectuate all terms of the Settlement.

15.     The Court finds that $91,666.67 in attorney's fees to Class Counsel is reasonable based upon Class Counsel's lodestar.  The Court finds that the $550 hourly rate of Class Counsel Chant Yedalian is reasonable based upon his qualifications, skills and experience.

16.     The Court hereby awards to Class Counsel attorney's fees of $91,666.67, to be paid from the Settlement Fund as set forth in the Settlement Agreement.

17.     The Court hereby awards to Class Counsel reasonable costs of $1,820.65, to be paid from the Settlement Fund as set forth in the Settlement Agreement.

18.     The Court hereby awards $5,000 to the Class Representative, Larry Tran, as a Service Award to compensate him for his service as the representative of

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT
Case No. 2:15-cv-03289-AB-MRW

1  the Class.  This Service Award is to be paid from the Settlement Fund as set forth in
2  the Settlement Agreement.

3        19.    If any residual funds remain from the Settlement Fund, any and all such
4  residual funds will be distributed to Public Counsel.

5        20.    Each of the Parties is to bear its own fees and costs except as expressly
6  provided in the Settlement Agreement.

7        21.    The Court hereby dismisses the Action with prejudice in accordance
8  with the terms of the Agreement; however, the Court shall retain continuing
9  jurisdiction to interpret, implement and enforce the Settlement, and all orders and
10  judgment entered in connection therewith.

11        22.    The Court directs the Clerk of the Court to enter this Order as a
12  judgment (subject to the terms of paragraphs 20-21, above).

13

14        IT IS SO ORDERED.

15

16  Dated: August 8, 2016

17                                        By: _____
18                                            Hon. André Birotte Jr.
                                             United States District Judge
19

20

21

22

23

24

25

26

27

28

- 6 -